COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

November 20, 2014

David W. deBruin, Esquire
The deBruin Firm LLC
405 N. King Street, Suite 440
Wilmington, DE 19801

Rachel E. Horn, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

Re: *Reid v. Siniscalchi*
C.A. No. 2874-VCN
Date Submitted: June 12, 2014

Dear Counsel:

The Plaintiff has sought to vacate confidentiality designations governing several of the documents in this litigation. This proceeding, of course, is a public proceeding and, except as may now be authorized under Court of Chancery Rule 5.1, all pleadings and other documents are available to the public.

The question is whether the confidentiality designations of the documents generally are supported by a showing of "good cause" for confidential treatment. That requires a balancing of the public interest against the harm that public

disclosure might entail with respect to sensitive nonpublic information.[1]  Many of the documents that have been designated as confidential deserved confidential treatment at one time because they contained information regarding business strategies, product development, and perhaps governmental relationships.  They are now well over ten years old, and the need for confidential treatment is no longer apparent.  Entity Defendants are correct that age does not necessarily assure that confidential treatment is no longer warranted.  The Entity Defendants, however, have not supplied any persuasive reasons for continuing confidential treatment, and, perhaps more importantly, they offer no reason why the need for confidential treatment outweighs the public interest in this Court's proceedings.[2]

---

[1] "Those who decide to litigate in a public forum . . . must do so in a manner consistent with the right[s] of the public . . . ." *Al Jazeera Am., LLC v. AT&T Servs., Inc.*, 2013 WL 5614284, at \*7 (Del. Ch. Oct. 14, 2013).  Information in Court documents cannot be "kept confidential merely because disclosure has the potential for collateral economic consequences." *Id.* at \*5.

[2] I am not unmindful of Mr. Amicucci's affidavit in reaching this conclusion.  He may provide valid reasons for why confidential treatment was warranted years ago.  His concerns, however, lose force with the passage of time.  For example, many of the documents for which the Entity Defendants seek continued confidential treatment relate to the planning, negotiating, and financing of the satellite project.  Entity Defendants provide no basis to conclude that these presumably stale documents require further protection.

Accordingly, the Motion to Maintain Confidential Treatment is denied and documents that have been filed in this action and documents that will be filed in this action, at least without a further and specific showing that confidential treatment is appropriate for any particular document, will be deemed public.

I do not claim to have thoroughly reviewed every document that has a confidentiality designation. Because it is at least conceivable that there may be a very small number of documents that continue to deserve confidential treatment, implementation of this order will be stayed for a period of sixty days. In the absence of further order, the documents will no longer be entitled to a confidential treatment designation at the end of the sixty-day period.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc:    Register in Chancery-K